J-S19018-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN VASQUEZ LEGER | : | |
| | : | |
| Appellant | : | No. 2375 EDA 2017 |

Appeal from the Judgment of Sentence February 16, 2017
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0000671-2016

BEFORE:   SHOGAN, J., NICHOLS, J., and PLATT, J.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED MAY 22, 2018**

Appellant Kevin Vasquez Leger appeals from the judgment of sentence following his convictions for aggravated indecent assault–victim under 16 years of age and indecent assault–person less than 16 years of age.[1] Appellant asserts that the trial court erred by refusing to grant a continuance to enable counsel to adequately review medical records and by refusing to permit certain cross-examination of A.L. (Victim) regarding misrepresentation of her age.  We affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3125(a)(8) and 3126(a)(8), respectively.

Appellant, then a 22-year-old male, and Victim met via social media in early 2016 and exchanged messages via "Twitter."[2]   After exchanging messages for a couple of weeks, Victim, who had turned thirteen years old a few days earlier, used "Snapchat"[3] to coordinate a meeting with Appellant at a shopping plaza on February 17, 2016.  From there, Appellant drove Victim to a storage facility where U-Haul trucks are parked.  After Appellant parked behind a truck, Appellant and Victim moved to the backseat of the car.  Appellant climbed on top of Victim and began kissing her face, neck, and chest, then performed oral sex on her.  After they dressed, Appellant dropped Victim off at a gym.  Victim walked home from the gym.  Victim's parents confronted her upon her return to the home, and Victim informed them of what had happened.

Victim was taken to a hospital and a sexual assault kit was completed.  After a detective interviewed Victim, the police obtained search warrants to identify the person using the Twitter and Snapchat accounts to interact with Victim.  The police determined that the accounts belonged to Appellant.

_____

[2] Twitter is an application in which users post short updates called tweets that, according to Victim, "you could re-tweet . . . or like[.]  You could text people in private."  N.T., 11/8/16, at 119.

[3] Snapchat is an application where "you could share pictures and text people, but it's only saved up to [a certain] amount of time."  N.T., 11/8/16, at 120.

Thereafter, Appellant was charged with involuntary deviate sexual intercourse with a person less than 16 years of age,[4] aggravated indecent assault, indecent assault, and related charges.[5]

Jury selection was held on November 1, 2016. After jury selection was completed, on November 3, 2016, the Commonwealth provided defense counsel with eighteen pages of Victim's medical records.[6] Appellant filed a combined motion for continuance the next day to review the medical records and to compel discovery. According to the motion, the "records supplied on November [3], 2016 describe a previous incident of sexual assault involving the same complaining witness occurring approximately 7 months prior to the" underlying crimes and establish Victim's history of psychiatric treatment. Appellant's Mot. for Continuance and to Compel Discovery, 11/4/16, at ¶¶ 6-7.[7]

The trial court held a hearing on the motion on November 8, 2016, immediately before opening arguments. Appellant argued that the records

_____

[4] 18 Pa.C.S. § 3123(a)(7).

[5] The related charges included statutory sexual assault-person less than 16 years of age, 18 Pa.C.S. § 3122.1(a)(2), corruption of minors, 18 Pa.C.S. § 6301(a)(1)(ii), and unlawful contact with a minor, 18 Pa.C.S. § 6318(a)(1).

[6] The Commonwealth previously disclosed a sexual assault nursing evaluation. According to the Commonwealth, it recently obtained the additional eighteen-page medical report.

[7] Appellant had also moved to compel the Commonwealth to produce all outstanding discovery and the results of a forensic examination of the Victim's electronic device.

were untimely produced notwithstanding a long-pending discovery request. N.T., 11/8/16, at 5. He maintained that his due process rights were implicated because he would be unable to effectively cross-examine the witnesses and ascertain the need for any expert testimony. *Id.* at 5-6. The Commonwealth countered, among other reasons, that it subpoenaed the hospital for the medical records on October 24, 2016, and upon receiving the documents at issue, immediately forwarded them to Appellant. *Id.* at 8. The trial court denied Appellant's motion for a continuance and commenced trial. At the conclusion of the trial, the jury convicted Appellant of aggravated indecent assault and indecent assault.

Appellant was initially sentenced on February 16, 2017, to twenty-two to forty-four months' incarceration. Appellant filed a combined motion for reconsideration of his sentence and post-sentence motion on February 24, 2017, asserting that the trial court failed to consider mitigating factors at sentencing and that the court erred by, among other things, denying his request for a continuance. The trial court granted the motion for sentence reconsideration on June 22, 2017, and resentenced Appellant to twelve months (less one day) to twenty-four months (less two days) of incarceration, and denied the post-sentence motion.

Appellant filed a timely notice of appeal and concise statement of errors complained of on appeal under Pa.R.A.P. 1925(b). The trial court referred to the opinion it filed at the time of resentencing in lieu of preparing a new Pa.R.A.P. 1925(a) opinion.

- 4 -

Appellant raises the following issues for our review:

1. Whether, prior to trial, the [t]rial [c]ourt committed an error of law when it denied the Appellant's [m]otion to [c]ontinue the trial[.]

2. Whether the [t]rial [c]ourt committed an error of law in denying the defense to question the [Victim] about her misrepresentation of her age to the Appellant and her other related messaging to him[.]

Appellant's Brief at 5.

In his first issue, Appellant asserts that the trial court erred when it denied his motion to continue the trial. Specifically, Appellant claims that because the Commonwealth did not provide Victim's medical records until after jury selection took place, the trial court should have granted his motion for a continuance to permit review of the records. *Id.* at 13. Appellant relies upon **Commonwealth v. Ross**, 57 A.3d 85 (Pa. Super. 2012) (*en banc*), in which Appellant argues this Court "found the pre-trial denial of a [m]otion for [c]ontinuance wherein counsel with specificity articulated why he was not adequately prepared for trial to be an abuse of discretion." Appellant's Brief at 14 (citing **Ross**, 57 A.3d at 88-89). Appelant reasons that his due process rights are implicated and he should have been given additional preparation time due to the Commonwealth's late production of these records. *Id.* at 15-16.

"The granting or refusal of a request for a continuance is vested in the discretion of the trial court. The denial of a continuance will be reversed on appeal only upon a showing of palpable and manifest abuse of discretion."

- 5 -

*Commonwealth v. Mehalic*, 555 A.2d 173, 181 (Pa. Super. 1989) (citations omitted). "An abuse of discretion is not merely an error of judgment; rather, discretion is abused when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record." *Ross*, 57 A.3d at 91 (citations and quotation marks omitted). Additionally, "[a]n appellant must be able to show specifically in what manner he was unable to prepare his defense or how he would have prepared differently had he been given more time. We will not reverse a denial of a motion for continuance in the absence of prejudice." *Id.* (citation and footnote omitted).

In *Ross*, trial counsel requested a continuance multiple times to obtain expert witnesses regarding extensive forensic evidence the Commonwealth intended to present at trial. The trial court denied the requests. An *en banc* panel of this Court held that trial counsel adequately informed the trial court of his inability to prepare his defense where he "advised the trial court that he had not had ample time to meet with his own experts or to locate or interview potential witnesses who could be called on Ross' defense." *Id.* at 93 (citations omitted).

Instantly, defense counsel requested a continuance to review the medical records that were not produced until after jury selection in the case. Significantly, however, Appellant provides no explanation as to how counsel was hindered in preparing the defense other than the bald statement that "it is of the utmost importance that adequate preparation for trial be allowed."

Appellant's Brief at 15.[8]   This is distinguishable from **Ross**, where continuances were requested specifically to obtain expert witnesses. Moreover, in the instant matter, counsel had at least four full calendar days within which to complete a review of the medical records prior to trial beginning.   Accordingly, we discern no abuse of discretion by the trial court denying the requested continuance. **See Mehalic**, 555 A.2d at 181.

Appellant also asserts that the trial court erred by denying the defense an opportunity to cross-examine Victim regarding misrepresentation of her age.  Appellant argues that

> [a]t issue in the trial of this matter was the defense of mistake of age.  Questions related to misrepresentations as to [Victim's] age and questions on the text messages she sent to the Appellant are material and probative of the issue of his allowable defense.  The non-allowance of those questions constitutes a misapplication of the rules of evidence at worst and an abuse of discretion at best.

Appellant's Brief at 17.

At the outset, we note that Appellant's brief does not expressly identify a particular portion of his cross-examination of Victim in which he was precluded from exploring a mistake of age defense.   Indeed, Appellant provides no citations to the record and offers nothing more than vague, conclusory statements such as the one quoted above.  Accordingly, we could find this issue to be waived. **See Commonwealth v. Williams**, 2 A.3d 611,

---

[8] On appeal, Appellant did not reiterate the arguments he made before the trial court, specifically that he would be unable to adequately cross-examine the witnesses and determine whether expert testimony was needed for his defense.  N.T., 11/8/16, at 5-6.

613 n.1 (Pa. Super. 2010) (holding that issues are waived where they are "indecipherably vague" and not supported by citations to the record).

However, Appellant, in his brief, references his Rule 1925(b) statement. *See* Appellant's Brief at 16. In his Rule 1925(b) statement, Appellant raised a claim that the trial court erred by failing "to allow cross[-]examination of [Victim] regarding the 'trap queen baby' name [Victim] used online and the sexual sophistication the lyrics of the rap song would have suggested to [Appellant]." Appellant's Concise Statement of Errors Complained of on Appeal, 8/16/17, at 2 (unpaginated). Therefore, we will address this claim.

By way of background, Appellant, during cross-examination of Victim, elicited that Victim used the online name "Trap Queen" because she liked a "particular song by a particular rapper." N.T., 11/8/16, at 151. When Appellant's counsel was about to ask Victim about the song, the Commonwealth objected. *Id.*

At a side-bar conference, the Commonwealth asserted that the song is "totally irrelevant[, and a]ll it is is a way to try to attack [Victim's] character." *Id.* In response, Appellant's counsel noted that the song is by "a rapper who plays to a much older audience than a 13-year-old. And there is a video with a very sexual theme with a young girl with the rapper in a car." *Id.* The trial court sustained the Commonwealth's objection to the introduction of the lyrics, but ruled that Appellant's counsel could elicit testimony that Victim did use the name "Trap Queen" when communicating with Appellant. *Id.* at 152-53.

We further note that Appellant elected to testify at trial. During direct examination, the following exchange occurred:

[Appellant's counsel]. And she told you her Snapchat name was Trap Queen Baby, right?

[Appellant]. Yes.

Q. And did you know what that was a reference to?

A. Yes.

Q. Can you tell us what it was?

A. It's from a song named Trap Queen from Fetty Wap.

Q. And is Fetty Wap a rapper?

A. Yes, from Jersey.

Q. From New Jersey?

A. Yes.

Q. And is he really popular?

A. Yes.

Q. And was he somebody who you listened to before you ever got this communication from [Victim] --

A. Yes.

Q. You have to wait until I'm finished because she has to write -- she has to get both sides down.

A. Sorry.

Q. And did her use of that name convey anything else to you about her age?

A. Yes.

Q. Can you tell the jury about that?

A. Because initially the song Trap Queen is, like, about women, drugs and all that and, like, having a person to be with, like, that one person you could trust or someone that you could tell

everything to. That's your trap queen. What you tell her, she won't tell anybody.

Q. Is the Trap Queen song something that you have seen the video of also?

A. Yes.

Q. And is it similar to what you just described to the jury about what the theme is --

A. Yes.

Q. -- of Trap Queen?

A. Yes.

Q. So, what did that make you think about how old she was?

A. I thought she was older, like, a regular teenager that goes to high school. I didn't know 13 year olds listened to Fetty Wap at their house.

N.T., 11/9/16, at 17-19.

It is well settled that

[t]he admissibility of evidence is within the sound discretion of the trial court, and we will not disturb an evidentiary ruling absent an abuse of that discretion. An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record.

**_Commonwealth v. Semenza_**, 127 A.3d 1, 4 (Pa. Super. 2015).

Under Pennsylvania Rule of Evidence 402, "[a]ll relevant evidence is admissible[,]" and "[e]vidence that is not relevant is not admissible." Pa.R.E. 402. "Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable or supports a reasonable inference or presumption regarding a material fact." **_Semenza_**,

127 A.3d at 7 (citation omitted); *see* Pa.R.E. 401. However, evidence may be excluded where its probative value is outweighed by a danger of confusing the issues, misleading the jury, or unfair prejudice. *See Semenza*, 127 A.3d at 7; *see* Pa.R.E. 403 (indicating that "[t]he court may exclude relevant evidence if its probative value is outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence").

Even assuming that the evidence would have been relevant, further questions about the song and its lyrics would likely have been more prejudicial and misleading than probative, due to the mature nature of the lyrics and the implications regarding Victim's sexual sophistication. *See Semenza*, 127 A.3d at 7; Pa.R.E. 403. Accordingly, we find no abuse of discretion in the trial court refusing to allow a further line of inquiry regarding the "Trap Queen Baby" song. *See Semenza*, 127 A.3d at 4.

Moreover, we note that defense counsel was permitted to ask Victim about the age she represented herself to be in her communications with Appellant and otherwise was permitted to ask about the content of messages Victim sent to Appellant. N.T., 11/8/16, at 149-153. Additionally, Appellant was later permitted to testify about the song as well as the effect Victim's use of the name "Trap Queen Baby" had on him. Therefore, we conclude that no relief is due on this issue.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>5/22/18</u>